OPINION
{¶ 1} Defendant-appellant Anthony Walker appeals the October 18, 2004 Judgment Entry entered by the Stark County Court of Common Pleas, which adjudicated him a sexual predator. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On August 2, 2004, the Stark County Grand Jury indicted appellant on one count of rape, in violation of R.C. 2907.02(A)(1)(b). Appellant appeared before the trial court for his arraignment on August 6, 2004, and entered a plea of not guilty to the Indictment.
 {¶ 3} Appellant filed a Motion to Suppress on August 20, 2004. The trial court conducted a hearing on the motion on August 27, 2004. After hearing the evidence, the trial court overruled the motion. Appellant appeared before the trial court on September 15, 2004, and entered a plea of guilty to the charge. The trial court ordered appellant to undergo a sexual predatory risk assessment at Melymbrosia. Upon receipt of the written evaluation, the trial court scheduled a sentencing hearing and a hearing pursuant to R.C. 2950.09.
 {¶ 4} At the classification hearing, Steve Dean, a psychologist with Melymbrosia, testified he participated in the risk assessment evaluation of appellant. Dean completed the psychological evaluation. His colleague, Philip Heagerty, conducted the risk assessment. In conducting the evaluation, Dean interviewed appellant; reviewed the interview between appellant and detectives with the Canton City Police Department; reviewed an evaluation from Stark County Department of Job and Family Services in regards to the victim; and reviewed appellant's criminal history and record as well a two page statement drafted by appellant.
 {¶ 5} Dean administered the Millon Clinical Multiaxial Inventory ("MCMI-III"); the Hare Psychopathy Check List-Revised; the MMPI-2, a measure of psychopathy; and a Static-99 test, a personality inventory. Although appellant scored low on the Hare portion of the evaluation, which suggested he does not have many of the traits of typical psychopath, the results of the MMPI-2 and the MCMI-III indicate appellant is likely to be dependent, immature, have difficulty establishing relationships with adult women, and harbor feelings of insecurity and inadequacy. The results of the Static-99 indicated appellant's risk for sexual re-offense was low to moderate. Dean testified he believed the Static-99 underrepresented appellant's risk to re-offend. Dean opined appellant's strong attraction to young girls elevated his risk to re-offend, especially since appellant admitted he not only sexually abused the victim on several occasions, but also sexually abused another five year old child. According to Dean, appellant did not understand the effect of his abuse on the children, but viewed his victims as desiring him and his actions as an "okay thing to do."
 {¶ 6} Appellant testified on his own behalf. Appellant admitted he had sexual feelings for children for a period of time and was troubled by those feelings. He acknowledged if he could have received help in the past, he would have. Appellant recognized he needed to "face reality" and see his victim as a victim, but testified he did not feel she was a victim because of how he felt about her and her family. Appellant repeatedly stated his desires had troubled him over the years.
 {¶ 7} After hearing the evidence, the trial court took the matter under advisement and proceeded to sentencing. The trial court sentenced appellant to a life term in prison. Via Judgment Entry filed October 18, 2004, the trial court adjudicated appellant a sexual predator.
 {¶ 8} It is from this judgment entry appellant appeals, raising as his sole assignment of error:
"I. The trial court erred in classifying appellant as a predator without a record of clear and convincing evidence to support the finding."
 I {¶ 9} In his sole assignment of error, appellant maintains the trial court erred in classifying him as a sexual predator as such finding was not supported by clear and convincing evidence. Specifically, appellant argues there was no evidence of a likelihood to re-offend.
 {¶ 10} R.C. 2950.01(G) defines a sexual predator as:
 {¶ 11} "(G) An offender * * * is `adjudicated as being a sexual predator' or `adjudicated a sexual predator' if any of the following applies:
 {¶ 12} "(1) The offender is convicted of or pleads guilty to committing, on or after January 1, 1997, a sexually oriented offense that is a sexually violent offense and that is not a registration-exempt sexually oriented offense and also is convicted of or pleads guilty to a sexually violent predator specification that was included in the indictment, count in the indictment, or information that charged the sexually violent offense.
"(2) Regardless of when the sexually oriented offense was committed, on or after January 1, 1997, the offender is sentenced for a sexually oriented offense that is not a registration-exempt sexually oriented offense, and the sentencing judge determines pursuant to division (B) of section 2950.09 of the Revised Code that the offender is a sexual predator."
 {¶ 13} Section 2950.09(B) (3) states:
 {¶ 14} "(3) In making a determination under divisions (B)(1) and (4) of this section as to whether an offender * * * is a sexual predator, thejudge shall consider all relevant factors, including, but not limitedto, all of the following:
 {¶ 15} "(a) The offender's * * * age;
 {¶ 16} "(b) The offender's * * * prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 17} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 18} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 19} "(e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 20} "(f) If the offender * * * previously has been convicted of or pleaded guilty to * * * a criminal offense, whether the offender * * * completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
 {¶ 21} "(g) Any mental illness or mental disability of the offender;
 {¶ 22} "(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 23} "(i) Whether the offender * * *, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 24} "(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct." (Emphasis added).
 {¶ 25} We note, the State bears the burden of proving by clear and convincing evidence the likelihood of recidivism to support a sexual predator finding. State v. Eppinger (2001), 91 Ohio St.3d 158.
 {¶ 26} Ohio Courts have emphasized the inherent gravity of sexual offenses against minors:
 {¶ 27} "[The overwhelming statistical evidence support[s] the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children. The age of the victim is probative because it serves as a telling indicator of the depths of [the] offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable." (Citations omitted.) Statev. Maynard (1999), 132 Ohio App.3d 820, 826.
 {¶ 28} In finding appellant to be a sexual predator, the trial court noted:
 {¶ 29} "That the defendant is forty years old (DOB 11-22-64), and his victim was 8 years of age at the time of the offense. Defendant stipulated that her date of birth is 03-14-96. That the defendant engaged in oral sex with the victim, and that he placed his bare penis on her vagina and masturbated. That the defendant does not have an extensive criminal history.
 {¶ 30} "The Court further finds that the defendant has admitted a sexual attraction to small girls and that he admitted to fondling a young girl in her vaginal area a number of years ago. The defendant has no mental health diagnosis at this time, but asserts that he has diagnosed with bipolar disorder at age 16. No evidence was presented that the defendant used alcohol or drugs during the commission of his crime. The defendant had not undergone any sex offender treatment.
 {¶ 31} "The Court further finds that the defendant, as Godfather to the victim, occupied a position of trust with the victim's family and used that position to gain access to her. The Court further finds that the conduct occurred several times over the course of at least two years, and as such, constitutes a demonstrated pattern of abuse."
 {¶ 32} The psychologist who assessed appellant testified appellant did not understand the effect of his abuse on his victim. Additionally, the psychologist testified appellant's strong attraction to young girls elevated his risk to re-offend. Appellant himself testified he has had sexual desires for children over a period of time. Appellant acknowledged he had abused another child in the past.
 {¶ 33} Upon review of the entire record in this matter, we find the trial court did not err in adjudicating appellant a sexual predator and further find there was clear and convincing evidence to support a finding of a likelihood to re-offend.
 {¶ 34} Appellant's sole assignment of error is overruled.
 {¶ 35} The judgment of the Stark County Court of Common Pleas is affirmed.
Hoffman, J. Gwin, P.J. and Edwards, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.